IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2145-BO

| | |
|---|---|
| JOE LEWIS BROWN, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>ROBERT B. LEWIS, )<br>Respondent. ) | ORDER |

Joe Lewis Brown, Jr., ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State of North Carolina ("respondent") moved to dismiss the matter based on untimeliness and the filing of the petition outside the statute of limitations period [D.E. 4]. 28 U.S.C. § 2244(d)(1). Petitioner responded [D.E. 14] to the pending motion, and the motion is ripe for determination.

I. Background

Petitioner is a prisoner of the State of North Carolina. On December 5, 2007, in the Superior Court of Martin County, a jury found both petitioner and co-defendant, Vernon Morrell Smith, guilty of conspiracy to traffic in more than 400 grams of cocaine [D.E. 5, Ex 1]. Petitioner was sentenced to a mandatory term of 175-219 months' imprisonment. Id. Petitioner was represented during the criminal proceedings by Kathryn Fagan. Id. Petitioner was 47 years of age at the time of conviction. Id.

Petitioner appealed as of right and was represented by Russell J. Hollers III. On May 5, 2009, the North Carolina Court of Appeals found no error in petitioner's criminal judgment. State v. Smith, 196 N.C. App. 791, 675 S.E.2d 719 (2009) (unpublished table opinion). Petitioner did not file a petition for discretionary review in the North Carolina Supreme Court.

On June 24, 2011, petitioner filed a motion for appropriate relief (MAR) in the North Carolina Superior Court, Martin County [D.E.5, Ex. 2]. The MAR was denied on August 19, 2011. Id. On January 10, 2012, petitioner filed a certiorari petition in the North Carolina Court of Appeals which the court denied on January 27, 2012 [Id., Ex. 2-4]. Thereafter, on June 6, 2012, petitioner dated this habeas petition and submitted it to the court.

II.  Issues

Petitioner alleges that he was convicted and sentenced under a state drug statute that was unconstitutional facially or as applied in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Petitioner supports his argument by citing to the United States Supreme Court decisions in Weems v. United States, 217 U.S. 349 (1910) and Graham v. Florida, 560 U.S. 48 (2010). [D.E. 1, Pet. at 19-24 and D.E. 7].

III.  Discussion

Respondent argues that the petition should be dismissed as having been untimely presented to this court. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals denied petitioner's appeal of his conviction on May 5, 2009. Petitioner then had thirty-five (35) days, until Tuesday, June 9, 2009, to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b) (mandate issues 20 days after written opinion unless court orders otherwise); Gonzalez

v. Thaler, ___U.S.___, 132 S. Ct. 641, 2012 WL 43513. *10 (2012) (where petitioner does not seek review in a State's highest court judgment becomes final when the time for seeking such review expires, and does not receive the benefit of the 90 days in which to seek certiorari to the Supreme Court of the United States from Supreme Court Rule 13.1). Nothing was filed during the 35 days. Thus, petitioner's conviction became final on June 9, 2009, when his case became final for purposes of direct appellate review.

Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) began to run from June 9, 2009, and fully expired 365 days later on Wednesday, June 9, 2010. During that time, nothing was pending with the state court to toll the statute's running. In fact, petitioner filed nothing with the state court until he filed his first MAR on June 24, 2011. By that time, the statute had run and expired. Minter, 230 F.3d at 665.

The court shall specifically address petitioner's argument that the statute of limitations did not begin to run on the date on which his criminal judgment became final, but a later date through the use of 28 U.S.C. § 2244(d)(1)(C). In § 2244(d)(1)(C), the time begins to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court . . ." Petitioner argues that date is the United States Supreme Court decision in Graham v. Florida, 560 U.S. 48, 130 S. Ct. 2011 (2010) decided on May 17, 2010. However, petitioner's argument is flawed. Graham holds that the Eighth Amendment prohibits imposition of life without parole sentences on juvenile offenders who did not commit homicide. Id., 130 S. Ct. at 2023-2026. Petitioner was not a juvenile at the time he committed the offense, nor has he been sentenced to a term of life without parole [D.E. 5, Ex. 1]. Petitioner's argument is simply that North Carolina's mandatory drug sentencing laws are unconstitutional. In fact, in arguing this point, petitioner argues "that punishment for a crime should be graduated and proportioned to the

4

offenders' offense under the requirement of the Eighth Amendment." Pet. at 21. However, this argument is based on the holding of the 1910 Supreme Court case in Weems v. United States, 217 U.S. 349, 367 (1910). The Weems' decision was explained in Graham as follows:

> For the most part, however, the Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime. The concept of proportionality is central to the Eighth Amendment. Embodied in the Constitution's ban on cruel and unusual punishments is the "precept of justice that punishment for crime should be graduated and proportioned to [the] offense."

Graham, 130 S. Ct. at 2021 (citing Weems, 217 U.S. at 367). The decision of Graham does not impact the statute of limitations in petitioner's case. Petitioner's habeas petition was filed out of time.

## IV.  Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of

5

petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V. Conclusion

Accordingly, respondent's motion for dismissal of the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED [D.E. 4]. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 8 day of May 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE